JS-6

1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10
11   WUSHONG YOW and HSIUKANG          | Case No. 8:21-cv-01663 DOC (KESx)
     YOW,
12
                  Plaintiffs,          | ORDER REMANDING CASE TO
13
         v.                            |        STATE COURT
14
     ADRIENNE JACKSON,
15
                  Defendant.
16

17
18                                   **I.**
19                              **BACKGROUND**
20        On September 3, 2021, Wushong and Hsiukang Yow ("Plaintiffs") brought
21   an action for unlawful detainer against Adrienne Jackson ("Defendant") in Superior
22   Court of California, County of Orange (case number 30-2021-01220977-CL-UD-
23   CJC). (Dkt. 1 at 3–8.)  The complaint alleges that Defendant is in unlawful
24   possession of the premises located at 128 Citysquare, Irvine, California. (Id. at 8.)
25   On October 7, 2021, Defendant filed a Notice of Removal removing this unlawful
26   detainer to federal court. (Dkt. 1.)  The Court sua sponte REMANDS this action to
27   the Superior Court of California, County of Orange, for lack of subject matter
28   jurisdiction, as set forth below.

## II.

## DISCUSSION

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citation omitted). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of Am. Corp., 672 F.3d 661, 667 (9th Cir. 2012); accord Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1183 (9th Cir. 2015).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); accord Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); accord Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1086 (9th Cir. 2014).

**A.**     <u>**Federal Question Jurisdiction.**</u>

The underlying action is an unlawful detainer proceeding, arising under, and governed by the laws of the State of California.  The state-court complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal defenses or federal counterclaims do not provide a basis to remove an action which does not otherwise establish federal jurisdiction.  Indeed, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393, (1987); <u>see</u> <u>Berg v. Leason</u>, 32 F.3d 422, 426 (9th Cir. 1994), <u>as amended</u> (Sept. 7, 1994) ("neither an affirmative defense based on federal law, nor one based on federal preemption renders an action brought in state court removable") (citations omitted).  Here, Defendant does not assert and there is no basis for federal question jurisdiction.

**B.**     <u>**Diversity Jurisdiction.**</u>

There is also no basis for diversity jurisdiction.  While Defendant vaguely asserts diversity jurisdiction (Dkt. 1 at 1), she acknowledges that Plaintiffs and Defendant are residents and citizens of the County of Orange, California (Dkt. 1-1).  Even if the parties are diverse, Defendant has not demonstrated that the amount in controversy exceeds the $75,000 required for federal diversity jurisdiction.  <u>See</u> 28 U.S.C. § 1332(a).  Instead, the amount in controversy appears to be no more than $20,000.  (Dkt. 1 at 6).

**C.**     <u>**Jurisdiction Under 28 U.S.C. § 1443.**</u>

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States."  In order to successfully remove, the defendant must

satisfy a two-prong test: (1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and (2) the defendant must be denied or unable to enforce the rights in state courts.  <u>Johnson v. Mississippi</u>, 421 U.S. 213, 219 (1975); <u>City of Greenwood, Miss. v. Peacock</u>, 384 U.S. 808, 827–28 (1966); <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966).  Under the first prong, constitutional or statutory provisions of general applicability or under statues not protecting against racial discrimination will not suffice.  <u>Johnson</u>, 421 U.S. at 219.  Under the second prong, a defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court.  <u>Peacock</u>, 384 U.S. at 828.

Defendant neither asserts that she has been denied her federal civil rights nor demonstrates that she is unable to enforce her rights in the California state courts.  Consequently, removal is not proper under § 1443(1).

## III.

## CONCLUSION

This Court does not have subject matter jurisdiction over this case.  IT IS THEREFORE ORDERED that this matter be REMANDED to the Superior Court of the State of California for the County of Orange.

DATED: October 12, 2021

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

4